Thomas et ux., (to use, Appellant), *v.* Hartt et al.

Argued April 11, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*J. E. Reed,* of *Reed & Spofford,* for appellant.

*F. B. Hosbach,* of *Hosbach & Gleeten,* for appellee.

OPINION BY STADTFELD, J., June 28, 1939:

On March 1, 1928, B. E. Thomas and Amos M. Thomas conveyed certain real estate in Millcreek Township to W. E. Hartt and G. L. Powell, who executed and returned two separate mortgages, one to B. E. Thomas and Nettie M. Thomas, his wife, and one to Amos Thomas and Katie L. Thomas, his wife, each in the amount of $7,500. The latter parties postponed their lien of mortgage to the mortgage of the former parties on January 3, 1933. The B. E. Thomas mortgage was then assigned to Charles C. Good with an unpaid balance guaranteed and stipulated in the assignment as being $5,355. Charles C. Good in turn assigned the mortgage to the National Bank of Girard, as collateral security for his note to that bank. In August 1934, the National Bank of Girard assigned the mortgage to the Girard National Bank.

In August 1936, Amos M. Thomas, survivor of Katie L. Thomas, his deceased wife, assigned the interest in his mortgage, now second by postponement, and the accompanying bond, to B. E. Thomas and Nettie Thomas whose interest in the present case is based thereon, the principal of $5,250 with interest from September 1, 1937, being unpaid.

The mortgagors, Hartt and Powell, were doing business as a partnership under the name of Westminster Supply Company. They made payments upon interest and principal of the mortgage held by the bank until September 1933, at which time the principal indebtedness was reduced to $5,000. Thereafter, the bank, at the suggestion of Charles C. Good, began to press for payment of the mortgage principal. Hartt finally persuaded his sister, Cora A. Hartt, the use-plaintiff, to render financial assistance to the mortgagors for the protection of their property. At various times he received from his sister $400 in cash, $1,200 in Home Loan Bonds, $50 in cash, and finally, her check for $3,350 which he delivered to the bank. The first payment of $400 was paid to the bank on September 1935 by check of the Westminster Supply Company. The Home Loan Bonds were delivered to the bank by W. E. Hartt on March 6, 1936. The payment of $50 was made to the bank either in cash or by check of Westminster Supply Company on September 1936. In addition, Westminster Supply Company paid all interest claims calculated by the bank upon a progressively diminishing principal indebtedness after crediting the above sums when received. On receipt of the final check of Cora A. Hartt for $3,350 the bank assigned the mortgage to her and in the assignment guaranteed that the amount owing on said mortgage at the time of the assignment was $3,350 with interest from March 2, 1937.

Subsequently, December 7, 1937, Cora A. Hartt com-

menced a scire facias sur mortgage action and liquidated the amount of the debt at $5,000 with interest. After judgment, B. E. Thomas and Nettie Thomas, his wife, filed a petition to intervene as parties defendant. A rule to show cause having been granted, answers were filed by Cora A. Hartt and defendants, W. E. Hartt and G. L. Powell. The rule was made absolute, and B. E. Thomas and Nettie Thomas thereupon petitioned to open judgment, but by agreement of counsel the court below discharged the rule granted thereon without prejudice.

It was then stipulated by counsel in behalf of each party that on the execution and sheriff's sale on the judgment obtained by Cora A. Hartt in the scire facias sur mortgage proceeding, the provisions of the Act of April 20, 1846, P. L. 411 (12 PS §§2511, 2512) were to be followed. The premises were sold by the sheriff of Erie County on May 13, 1938, for the sum of $6,050 to B. E. Thomas and Nettie Thomas, his wife, paying $4,050.07 in cash and giving a lien-holder's receipt for $1,999.93. The sheriff's special return and distribution, provided for by stipulation, awarded $3,723.01 to Cora A. Hartt, that amount being the $3,350 debt as shown by the recorded assignment of the mortgage with interest, and further awarded $1,999.93, the amount shown by the lien-holder's receipt to B. E. Thomas and his wife, who held the lien second in order to Cora A. Hartt. Exceptions were filed by Cora A. Hartt, use-plaintiff, to the sheriff's return, and testimony thereon was taken. The trial judge, by opinion and order, dismissed the exceptions and confirmed the sheriff's return. The court en banc, dismissing use-plaintiff's exceptions to findings of fact and conclusions of law, affirmed the order. This appeal followed.

The original proceeding, whereby the parties to this suit sought to settle their dispute, was terminated by order of the trial judge, with agreement of counsel, discharging without prejudice, a rule granted upon peti-

tion to intervene and to open judgment. By stipulation of counsel substitute proceedings under the Act of April 20, 1846, supra, were adopted. Hence no question as to the validity of the abandoned proceedings is properly before us.

Cora A. Hartt, appellant, contends that W. E. Hartt, acting as her agent, entered into an arrangement with the cashier of the Girard National Bank to purchase the entire mortgage for her in installments; that none of the payments made by her through her brother was to be applied to the principal in reduction of the obligation; and that she is entitled to receive from the proceeds of the foreclosure sale $5,000, the amount of the record judgment, with interest and costs. B. E. Thomas and his wife, appellees, maintain on the other hand, that no arrangement existed for the purchase of the entire mortgage in installments; that all payments made by W. E. Hartt, except the final payment of $3,500, were made as payments on and in reduction of the mortgage debt; and that Cora A. Hartt is entitled to receive under the sheriff's distribution only $3,500, the amount shown by the recorded assignment of the mortgage, with interest, or a total of $3,723.01.

The trial judge, in his opinion on the exceptions of Cora A. Hartt to the sheriff's special return and distribution, found that no arrangement had been made with the cashier of the bank for the purchase of the mortgage for appellant in installments, but that the funds were advanced to W. E. Hartt or Westminster Supply Company to reduce the mortgage debt, and also that W. E. Hartt, representing appellant, accepted an assignment from the bank which by its terms stated that the amount owing on the mortgage at the time of the assignment was $3,350 with interest from March 2, 1937. The court en banc in its order approved these findings of fact.

The sole question to be determined in this case, is, whether the court below erred in finding that the pay-

ments, except the last amount of $3,500 made by appellant's brother, one of the mortgage debtors, were not installment payments on the purchase of the mortgage by appellant, but were regular mortgage payments in reduction of the principal. The question is ultimately one of fact, and the testimony given in determination thereof is sharply conflicting.

Cora A. Hartt, in her own behalf, testified that she had authorized her brother, W. E. Hartt, to arrange for the purchase of the mortgage held by the Girard National Bank with installment payments. When informed by her brother that Mr. Drury, cashier of the bank, had agreed to the arrangement, she advanced her brother $400 in cash, $1,200 in Home Loan Bonds, and $50 more in cash at various times to be transmitted to the bank. Finally, on March 1937, she sent her personal check for $3,350 to the bank. The total of these sums amounted to $5,000.

W. E. Hartt testified that authorized by his sister, he made an arrangement with Mr. Drury for the purchase of the mortgage through installment payments for the benefit of his sister. He deposited the $400 received from his sister to the account of Westminster Supply Company, and thereupon drew a check on that account in the amount of $550, so as to include accrued interest, which he transmitted to the bank. He also made the other payments and personally delivered his sister's check for $3,350 to the bank, at which time he accepted the assignment of the mortgage to her. In the meantime, he had regularly made payments of interest from funds of his company upon the principal debt reduced by the periodic sums supplied by his sister and credited by the bank.

The cashier of Girard National Bank, Carl M. Drury, testified that no arrangement had ever been made with W. E. Hartt relative to the purchase of the entire mortgage by his sister through installment payments; that he had never been requested not to apply the sums re-

ceived as credit upon the principal of the mortgage; that he was first requested to assign the mortgage to Cora A. Hartt when he received her personal check for $3,350 covering the balance due on the mortgage, and that, as representative of the bank, he guaranteed that amount as due and owing in the article of assignment.

Although the testimony is conflicting as to whether or not an arrangement for the purchase of the entire mortgage in installments had been made, the trial judge accepted Mr. Drury's testimony and stated, "This arrangement is denied by the cashier of the bank whom we must regard as being entirely disinterested in the matter. . . . . . . We are impelled to accept the testimony of this disinterested witness as to the character of the transaction. It made no difference whether his bank received the money by way of payments upon the principal or by purchase of the mortgage. In either event, the bank would have been paid in full."

It is undisputed that interest claims were billed and payments made upon the basis of periodically reduced principal. It is likewise undisputed that W. E. Hartt, representing appellant, accepted an assignment from the bank which by its terms stated that the amount owing on the mortgage at the time of the assignment was $3,500 with interest from March 2, 1937.

Where the testimony taken upon exceptions to the sheriff's special return and distribution under the Act of April 20, 1846, is conflicting the findings of fact of the trial judge, approved by the court en banc, will not be disturbed upon appeal. A careful review of the testimony in the present case produces nothing to warrant our interference with the findings of fact made by the court below.

The order of the court below is affirmed; costs to be paid by appellant.